**Jeffery J. Matthews, OSB #97328**
jeffery.j.matthews@harrang.com
**Nicole R. Commissiong, OSB #02168**
nicole.commissiong@harrang.com
Harrang Long Gary Rudnick P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:     (541) 485-0220
Facsimile:      (541) 686-6564
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **TED GREGORY ROY,** | Case No.: 07-6290-HO |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| vs. | |
| **CITY OF EUGENE, a municipality, et al.,** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

In response to plaintiff's Complaint, Defendants City of Eugene (the "City"), Officer Michael Lee ("Lee"), Officer Kevin Janoski ("Janoski") and Sergeant Terry Martin ("Martin"), collectively "City Defendants," admit, deny and allege as follows:

1.

City Defendants admit plaintiff has brought a civil action for damages alleging the unlawful detention and arrest of plaintiff and admit the events at issue are alleged to have occurred on or about October 13, 2005, but deny that the alleged events occurred except as

Page 1 – **ANSWER TO COMPLAINT**

specifically admitted herein, and deny each and every allegation in paragraph 1 not specifically admitted.

2.

City Defendants admit this Court has jurisdiction over the claims alleged in the Complaint, pursuant to 28 U.S.C. §1331. City Defendants deny each and every allegation in paragraph 2 not specifically admitted.

3.

City Defendants admit paragraph 3.

4.

City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4 and therefore deny it.

5.

In response to paragraph 5, City Defendants admit Lee was an officer with the Eugene Police Department ("EPD") at all relevant times, admit plaintiff has sued Lee individually and in his official capacity, and admit Lee is a resident of Lane County. City Defendants deny Lee engaged in the acts alleged in plaintiff's Complaint. City Defendants deny each and every allegation not specifically admitted herein.

6.

In response to paragraph 6, City Defendants admit Janoski was an officer with the EPD at all relevant times, admit plaintiff has sued Janoski individually and in his official capacity, and admit Janoski is a resident of Lane County. City Defendants deny Janoski engaged in the acts alleged in plaintiff's Complaint. City Defendants deny each and every allegation not specifically admitted herein.

Page 2 – **ANSWER TO COMPLAINT**

7.

In response to paragraph 7, City Defendants admit Martin was a sergeant with the EPD at all relevant times, admit plaintiff has sued Martin individually and in his official capacity, and admit Martin is a resident of Lane County. City Defendants deny Martin engaged in the acts alleged in plaintiff's Complaint. City Defendants deny each and every allegation not specifically admitted herein.

8.

In response to paragraph 8, City Defendants admit the City is a municipal corporation. City Defendants lack knowledge and information sufficient to form an understanding of the remaining allegations in paragraph 8, and therefore deny them. City Defendants deny each and every allegation not specifically admitted herein.

9.

In response to paragraph 9, City Defendants admit that on or about October 13, 2005, EPD officers Lee and Janoski were dispatched to Shari's Restaurant on 11th Avenue, admit each officer approached the vehicle upon his arrival, admit one officer approached the driver's side of the vehicle and the other officer approached the passenger side, admit plaintiff and a woman were arguing inside the vehicle, and admit the officers observed no violence between the couple upon their arrival. City Defendants deny each and every allegation not specifically admitted herein.

10.

In response to paragraph 10, City Defendants admit the occupants of the vehicle appeared intoxicated, admit the woman stated that she and plaintiff would walk home, deny the vehicle

occupants were responsive to officer inquires and deny officers took plaintiff out of the vehicle. City Defendants deny each and every allegation not specifically admitted herein.

11.

In response to paragraph 11, City Defendants admit plaintiff was the passenger in the vehicle and admit no officer was injured during the encounter with plaintiff. City Defendants deny each and every allegation not specifically admitted herein.

12.

In response to paragraph 12, City Defendants admit plaintiff was cited for interfering with a police officer and admit plaintiff was not prosecuted. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore deny them.

13.

For their answer to paragraph 13, City Defendants incorporate their answers to paragraphs 1-12 herein.

14.

City Defendants deny paragraphs 14, 15 and 16.

15.

For their answer to paragraph 17, City Defendants incorporate their answers to paragraphs 1-16 as if fully set forth herein.

16.

City Defendants deny paragraph 18.

17.

For their answer to paragraph 19, City Defendants incorporate their answers to

Page 4 – **ANSWER TO COMPLAINT**

paragraphs 1-18 herein.

18.

City Defendants deny paragraph 20.

19.

For their answer to paragraph 21, City Defendants incorporate their answers to paragraphs 1-20 herein.

20.

City Defendants deny paragraph 22.

21.

For their answer to paragraph 23, City Defendants incorporate their answers to paragraphs 1-22.

22.

City Defendants deny paragraphs 24 and 25.

23.

For their answer to paragraph 26, City Defendants incorporate their answers to paragraphs 1-25.

24.

City Defendants deny paragraphs 27, 28, 29, 30 and 31.

25.

For their answer to paragraph 32, City Defendants incorporate their answers to paragraphs 1-31.

26.

City Defendants deny paragraphs 33 and 34.

Page 5 – **ANSWER TO COMPLAINT**

27.

For their answer to paragraph 35, City Defendants incorporate their answers to paragraphs 1-34.

28.

City Defendants deny the allegations in the second paragraph numbered 35.

29.

City Defendants deny the allegations in paragraph 36.

30.

Except as admitted, City Defendants deny each and every allegation of plaintiff's Complaint, and the whole thereof.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

31.

Plaintiff has failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lawfulness)

32.

Officer Lee's questioning of plaintiff was lawful because it was a lawful investigative stop.

## THIRD AFFIRMATIVE DEFENSE

### (Probable Cause)

33.

All actions taken by Lee and Janoski were based on probable cause and were lawful.

Page 6 – **ANSWER TO COMPLAINT**

## FOURTH AFFIRMATIVE DEFENSE

### (Immunity)

34.

Under ORS 30.265(1), Officers Lee and Janoski and Sergeant Martin are immune from liability, and cannot be sued individually on plaintiff's state law claims.

## FIFTH AFFIRMATIVE DEFENSE

### (Limitations on Damages)

35.

The liability of City Defendants on plaintiff's state law claims, if any, is limited as set forth in ORS 30.270.

## SIXTH AFFIRMATIVE DEFENSE

### (Privilege, Necessity and Justification)

36.

The City's police officers' contact with plaintiff in the Shari's Restaurant parking lot was lawful, privileged, necessary and justified in connection with their duties.

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

37.

Any use of force by Officer Lee against plaintiff was justified because Officer Lee was acting in self-defense.

/////

/////

/////

Page 7 – **ANSWER TO COMPLAINT**

## EIGHTH AFFIRMATIVE DEFENSE

### (Immunity from Punitive Damages)

38.

The City is immune from liability for punitive damages.

## NINTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

39.

Officers Lee and Janoski and Sergeant Martin are entitled to qualified immunity.

## CLAIM FOR ATTORNEY FEES

40.

City Defendants are entitled to recover their attorney's fees and costs on plaintiff's federal claims under 42 U.S.C. §1988.

## CLAIM FOR ATTORNEY FEES

41.

City Defendants are entitled to recover their attorney's fees and costs on plaintiff's state law claims under ORS 20.105.

## DEMAND FOR JURY TRIAL

42.

City Defendants request a jury trial.

WHEREFORE, City Defendants pray for a judgment in their favor dismissing plaintiff's

/////

/////

/////

Page 8 – **ANSWER TO COMPLAINT**

Complaint with prejudice and awarding City Defendants their reasonable attorney fees, costs and disbursements.

DATED this 21st day of December, 2007.

                        HARRANG LONG GARY RUDNICK P.C.

                        By: s/ Nicole R. Commissiong
                            Jeffery J. Matthews, OSB #97328
                            jeffery.j.matthews@harrang.com
                            Nicole R. Commissiong, OSB #02168
                            nicole.commissiong@harrang.com
                            Telephone:    (541) 485-0220
                            Facsimile:    (541) 686-6564

                            Of Attorneys for Defendants

Page 9 – **ANSWER TO COMPLAINT**

## CERTIFICATE OF SERVICE

  I certify that on December 21, 2007, I served or caused to be served a true and complete copy of the foregoing **ANSWER TO COMPLAINT** on the party or parties listed below as follows:

| | |
|---|---|
| __X__ | Via CM / ECF Filing |
| _____ | Via First Class Mail, Postage Prepaid |
| _____ | Via Email |
| _____ | Via Personal Delivery |

Brian Michaels
259 East 5th Avenue, Suite 300-D
Eugene, OR 97401
blmichaels@hotmail.com
Attorneys for Plaintiff

           HARRANG LONG GARY RUDNICK P.C.


           By:  s/ Nicole R. Commissiong
            Jeffery J. Matthews, OSB #97328
            jeffery.j.matthews@harrang.com
            Nicole R. Commissiong, OSB #02168
            nicole.commissiong@harrang.com
            Telephone: (541) 485-0220
            Facsimile: (541) 686-6564

            Of Attorneys for Defendants

00187986.DOC;1

1 – CERTIFICATE OF SERVICE