```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON
```

TED GREGORY ROY,                            Civ. No. 07-6290-HO

        Plaintiff,                  ORDER

    v.

CITY OF EUGENE, a municipality, et al.,

        Defendants.

The complaint alleges, <u>inter alia</u>, unreasonable seizure in violation of the Fourth Amendment and 42 U.S.C. § 1983 stemming from plaintiff's encounter with City of Eugene police officers in the early morning hours of October 13, 2005. Defendants filed a motion for partial summary judgment and plaintiff filed a motion for leave to file a sur-reply, denominated by plaintiff as a sur-rebuttal. For the reasons that follow, defendants' motion is granted in part and denied in part, and plaintiff's motion is denied.

## Discussion

The proposed sur-reply emphasizes facts, evidence and legal

authority addressed in plaintiff's opposition to defendants' motion for partial summary judgment. If filed, the document would not alter the resolution of defendants' motion for partial summary judgment. Plaintiffs' motion for leave is therefore denied.

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The complaint alleges that Officers Lee and Janoski acted in the regular course of their employment for the City. The City is the only proper defendant to the state law claims. Or. Rev. Stat. § 30.265.

Viewed in the light most favorable to plaintiff, the evidence establishes the existence of disputed issues of fact as to whether Officer Lee received and held plaintiff's identification card so that plaintiff may not have felt free to leave Officer Lee's presence, and whether plaintiff acted in such a manner to justify Officer Janoski's decision to handcuff plaintiff. There is no evidence that Officer Janoski arrested, imprisoned or seized plaintiff by issuing a citation requiring plaintiff to appear in court, as plaintiff contends. There is no evidence that plaintiff appeared in court. In any event, the first and third claims for false arrest and false imprisonment

2 - ORDER

make no mention of the citation.  There is no evidence that Officer Janoski assaulted, battered, or used excessive force against plaintiff.

Based on the disputed issues of fact, the City is not entitled to summary judgment on plaintiff's first, second and third claims, and Officers Lee and Janoski are not entitled to summary judgment, on qualified immunity or other grounds, on plaintiff's sixth claim for violation of the Fourth Amendment and Section 1983.

Plaintiff's fourth claim for "harassment" appears to duplicate his second claim for "assault and battery," or else the fourth claim fails to state a claim for which relief can be granted.  Plaintiff argues that he is entitled to an independent civil remedy for conduct that constitutes the crime of harassment.  Plaintiff cites to no cases recognizing this tort, and the court finds no such cases.  Defendants are entitled to summary judgment on plaintiff's fourth claim.

A reasonable fact-finder could not conclude from the evidence that either officer acted with intent to inflict severe emotional distress, or with knowledge that severe emotional distress was substantially certain to result.  Defendants are entitled to summary judgment on plaintiff's fifth claim for intentional infliction of emotional distress.

Officer Lee's conduct and the justifications for that

conduct are matters that depend on the resolution of disputed issues of fact. The court cannot conclude at the summary judgment stage that punitive damages are prohibited in this case as a matter of law. Defendants are not entitled to summary judgment on plaintiff's seventh "claim" for punitive damages.

A reasonable fact-finder could not conclude from the evidence that the City failed to act with deliberate indifferent to plaintiff's rights by failing to train its police officers how to interact with intoxicated persons, or that there is a direct causal link between the failure to train and the alleged deprivations of plaintiff's rights. Defendants are entitled to summary judgment on plaintiff's eighth claim.

## Conclusion

Based on the foregoing, defendants' motion for partial summary judgment [#17] is granted in part and denied in part, and plaintiff's motion for leave [#30] is denied.

IT IS SO ORDERED.

DATED this   15th   day of October, 2008.

                                            s/ Michael R. Hogan
                                      United States District Judge