**BRIAN MICHAELS**, OSB #925607
blmichaels@hotmail.com
259 E. Fifth Avenue
Eugene, OR 97401
Telephone:     541.687.0578
Facsimile:     541.686.2137
Attorney for Plaintiff

**JEFFERY J. MATTHEWS**, OSB #973280
jeffery.j.matthews@harrang.com
Harrang Long Gary Rudnick P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:     541.485.0220
Facsimile:     541.686.6564
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **TED GREGORY ROY,** | Case No.: 07-6290-HO |
| Plaintiff, | |
| v. | **PRETRIAL ORDER** |
| **CITY OF EUGENE, a municipality,** et al, | |
| Defendants. | |

This Pretrial Order is lodged pursuant to LR 16.6.

**1.     Nature of the Action.**  Plaintiff Ted Roy ("Mr. Roy") alleges claims under 42 U.S.C. § 1983 for violations of his rights under the Fourth Amendment to the U.S. Constitution. Mr. Roy also alleges claims under state common law for assault and battery, false imprisonment and false arrest.  Trial will be to a jury, and the parties have consented to trial and entry of judgment by a magistrate judge.

Page 1 -       **PRETRIAL ORDER**

**2.    Subject Matter Jurisdiction.**  This court has subject matter jurisdiction over the federal claims under 28 U.S.C. § 1331 and § 1343 and over the state law claims under 28 U.S.C. § 1367.

**3.    Agreed Facts.**  The parties agree on the following facts.  The relevancy of facts that are bracketed and marked with an asterisk is disputed.

        3.1    Just after midnight on October 13, 2005, Defendants, Eugene Police Officers Michael Lee ("Officer Lee") and Kevin Janoski ("Officer Janoski"), were dispatched to Shari's Restaurant [in response to a call concerning a possible drunk driver in a blue minivan parked in the Shari's parking lot.]* Officer Lee arrived first and approached Mr. Roy and Kim Repp ("Ms. Repp"), who were sitting in the described vehicle in the Shari's parking lot [without the engine running and without the vehicle key in the ignition].*

        3.2    When Officer Lee approached the vehicle in which Mr. Roy was a passenger, Ms. Repp, Mr. Roy's "wife" of more than twenty years, was in the driver's seat.  Mr. Roy and Ms. Repp were arguing inside the vehicle.

        3.3    Officer Lee first approached Mr. Roy at the passenger door.  He was able to get Mr. Roy's attention through a hand movement to roll down the window. After getting his attention, the couple ceased arguing with each other. The officer spoke to Mr. Roy and Ms. Repp, periodically going back and forth to the driver's side of the vehicle.

        3.4    Officer Lee asked Mr. Roy and Ms. Repp for driver license identification. Officer Janoski arrived, parked by the restaurant, and, after checking with Officer Lee, entered the restaurant to pursue the investigation of a possible DUII.

        3.5    While Officer Janoski was in Shari's, Officer Lee had Ms. Repp exit the vehicle [without explaining his decision or behavior to Mr. Roy].*  Mr. Roy exited the vehicle, approaching where Officer Lee was located.

        3.6    There was a physical confrontation between Officer Lee and Mr. Roy, the

specifics of which are disputed. Mr. Roy suffered injuries to his left eye socket and head region, injuries to two teeth, bruising on his left chest area, and scraping on the backs of two of his left hand fingers.

3.7 The officers called for medical assistance, which was provided by Eugene paramedics. The paramedics then transported Mr. Roy to the Hospital Emergency Room by ambulance.

3.8 Officer Lee issued Mr. Roy a citation for Interfering with a Police Officer and delivered that citation to Mr. Roy at the hospital. Mr. Roy hired an attorney to represent him on this charge.

3.9 Defendant City of Eugene is a municipal corporation and is a "local public body" within the meaning of Or. Rev. Stat. 30.260(6).

3.10 At all material times herein, Officer Lee and Officer Janoski were acting under color of state law and within the course and scope of their employment.

**4.     Claims and Defenses**

**Claim One**
**Violation of Federal Civil Rights**
**Unlawful Seizure**

(A)     Mr. Roy contends:

(1)     Officer Lee unlawfully detained Mr. Roy after coming upon him and his wife in the parking lot by:

(a)     refusing to allow him to walk home;

(b)     asking for and holding Mr. Roy's driver's license;

(c)     seizing his person after assaulting him and forcing him to the ground by assisting in handcuffing him, preventing his voluntary movement to get up and separate himself from his assaulters, and by containing

      him for the entire time until the ambulance arrived.

   (d) issuing Mr. Roy a citation, without probable cause, for Interfering with a Police Officer.

 (2) Officer Janoski unlawfully detained Mr. Roy after coming upon him and his wife in the parking lot by:

   (a) refusing to allow him to walk home;

   (b) handcuffing him when Mr. Roy was attempting to get up off the ground after being assaulted by Officer Lee.

 (3) Mr. Roy will seek attorney fees pursuant to 42 U.S.C. § 1988.

 (4) Punitive damages are sought against Officer Lee and Officer Janoski.

(B) Defendants contend:

 (1) Defendants deny Mr. Roy's contentions.

 (2) Defendants object to the claims asserted in (A)(1)(a) and (A)(2)(a) on the ground that these claims were not pled in the complaint and that there is insufficient evidence to submit them to the jury.

 (3) Defendants object to the claim asserted in (A)(1)(c) insofar as it alleges facts that constitute excessive force in that a 4th Amendment excessive force claim must be brought as such rather than as a claimed violation of any other constitutional right.

 (4) Defendants object to Mr. Roy's contention that punitive damages are available, as the court granted summary judgment on Mr. Roy's punitive damages claim except with respect to the excessive force claim against Officer Lee.

 (5) Defendants reassert the affirmative defenses set forth in their answer.

Page 4 - **PRETRIAL ORDER**

## Claim Two
## Violation of Federal Civil Rights
## Excessive Force

(A)   Mr. Roy contends:

    (1)   Officer Lee, under color of law, brutally assaulted Mr. Roy when Mr. Roy exited his vehicle in response to his wife's cries for help.  Mr. Roy suffered injuries to his eye socket, his head, his brain, his chest, his self esteem, and lost the first and only two teeth of his life.  At no point was Officer Lee ever threatened by Mr. Roy.  At no point prior to removing his wife from the vehicle, did Officer Lee explain his actions to either Mr. Roy or his wife.

    (2)   Both Officer Lee and Officer Janoski relayed the same story of events leading up to Mr. Roy's injuries. Their story is contrary to prevailing medical evidence.

    (3)   Mr. Roy will seek attorney fees pursuant to 42 U.S.C. § 1988.

    (4)   Punitive damages are sought against Officer Lee.

(B)   Defendants contend:

    (1)   Defendants deny Mr. Roy's contentions.

    (2)   Defendants object to the claims asserted in (A)(2) on the ground that it does not state a cause of action, it was not pled in the complaint and is simply a comment on what Mr. Roy expects the evidence to show, not a legal claim.

    (3)   Defendants reassert the affirmative defenses set forth in their answer.

## Claim Three
## State Law Claim for False Arrest and False Imprisonment

(A)   Mr. Roy contends:

    (1)   Mr. Roy was unlawfully detained and arrested when Officer Lee:

Page 5 -   **PRETRIAL ORDER**

        (a)     requested and retained Mr. Roy's driver's license;

        (b)     refused to let him walk home;

        (c)     issued him a citation to appear in court for Interfering with a Police Officer, a Misdemeanor, forcing Mr. Roy to hire an attorney, and remain under threat of prosecution. The arrest was without probable cause.

   (2)     Mr. Roy was unlawfully detained by Officer Janoski by:

        (a)     refusing to let him leave and walk home;

        (b)     refusing to allow Mr. Roy to rise up off the ground after being assaulted and forced to the ground by Officer Lee;

        (c)     handcuffing Mr. Roy after he was assaulted by Officer Lee.

(B)     Defendants deny Mr. Roy's contentions and contend:

   (1)     There was probable cause to arrest Mr. Roy.

   (2)     Defendants object to the claims asserted in (1)(b) and (2)(a) on the ground that these claims were not pled in the complaint and that there is insufficient evidence to submit them to the jury.

   (3)     Defendants reassert the affirmative defenses set forth in their answer.

### Claim Four
### State Law Claim for Assault and Battery

(A)     Mr. Roy contends:

   (1)     Officer Lee assaulted Mr. Roy in the manner identified under Claim Two, Excessive Force.

(B)     Defendants contend:

   (1)     Defendants deny Mr. Roy's contentions.

Page 6 -    **PRETRIAL ORDER**

      (2)     Defendants object to the claims asserted in (A)(2) on the ground that it does not state a cause of action, it was not pled in the complaint and is simply a comment on what Mr. Roy expects the evidence to show, not a legal claim.

      (3)     Defendants reassert the affirmative defenses set forth in their answer.

**5.**    **Other Legal Issues**.  None.

**6.**    **Proposed Amendments to Pleadings**.  Defendants contend that plaintiff is attempting to amend his complaint as set forth in defendants' objections under Claim One, section (B)(2), Claim Two, section (B)(2), Claim Three, section (B)(2), and Claim Four, section (B)(2).  Plaintiff disagrees.

Date: November 3, 2008                      By    s/ Jeffery J. Matthews
                                                    Jeffery J. Matthews OSB #973280
                                                    Of Attorneys for Defendants

Date: November 3, 2008                      By    s/ Brian Michaels
                                                    Brian Michaels, OSB #925607
                                                    Attorney for Plaintiff

**IT IS SO ORDERED that the foregoing Pretrial Order is**:

_____     Approved as lodged.

_____     Approved as amended by interlineation and the pleadings are amended accordingly.

Dated this _____ day of November, 2008.

                                                        Michael R. Hogan
                                                        U.S. District Court Judge

00212446.DOC;1

Page 7 -    **PRETRIAL ORDER**